Joanne LEMAY *v.* Charles L. DANIELS,
Director of Labor

CA 80-21                              599 S.W. 2d 771

Court of Appeals of Arkansas
Opinion delivered May 28, 1980
Released for publication June 18, 1980

Appellant, *pro se*.

*Herrn Northcutt*, for appellee.

GEORGE HOWARD, JR., Judge. The claimant appealed a determination by the Local Agency that she had received unemployment benefits to which she was not entitled and, therefore, she should be liable to repay the Fund the sum of $98.00, the amount that she had received.

Ark. Stat. Ann. § 81-1107(f)(2) provides:

"If the Director finds that any person has received any amount of benefits under this act which he was not entitled by reasons other than fraud, wilful misrepresentation, or wilful nondisclosure of facts, such person shall be liable to repay such amount to the fund

or in lieu of requiring the repayment, the Director may recover such amount by deduction from any future benefits . . ."

The claimant testified, at a hearing conducted in Hialeah, Florida, under the Interstate Appeals Procedure, that she was discharged from the Armed Forces of the United States, in Arkansas, on July 6, 1979; and that she and her husband, who was a member of the Armed Forces, had made plans to move to the State of Florida upon his discharge from the service. While in Arkansas awaiting the release of her husband, claimant, on July 9, 1979, filed for unemployment benefits. She received a $98.00 unemployment benefit check for the weekly benefit period ending July 21, 1979, which period, by mistake, included the one week waiting period. Claimant left Arkansas for Florida on July 16, 1979, the last day of the one week waiting period and refiled for benefits in Florida on July 16th.

Under Ark. Stat. Ann. § 81-1105(d), a claimant shall be entitled to benefits only if the Director finds that he has been unemployed for a *waiting period of one week*. Claimant left Arkansas before her waiting period expired. Moreover, the waiting period was inadvertently considered in determining her eligibility for benefits.

Claimant also testified that if work had been afforded her in Arkansas, she would not have been in a position to remain in Arkansas since her stay in Arkansas was really for the purpose of awaiting the release of her husband from service.

The Board of Review affirmed the overpayment determination and we are persuaded that there is substantial evidence to support the action of the Board of Review.

Affirmed.